23 F.3d 401
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Eric Terrell HARRIS, Petitioner Appellant,
v.
Edward W. MURRAY, Respondent Appellee.
 No. 93-7122.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 21, 1994.
Decided May 6, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert R. Merhige, Jr., Senior District Judge. (CA-92-823-3)
 Eric Terrell Harris, appellant pro se.
 Robert H. Anderson, III, Michael Thomas Judge, Office of the Attorney General of Virginia, Richmond, Va., for appellee.
 E.D.Va.
 DISMISSED.
 Before ERVIN, Chief Judge, MICHAEL, Circuit Judge, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Appellant seeks to appeal the magistrate judge's order denying relief on his 28 U.S.C. Sec. 2254 (1988) petition.[1] Our review of the record and the magistrate judge's opinion discloses that this appeal is without merit. Accordingly, we deny a certificate of probable cause to appeal and dismiss the appeal on the reasoning of the magistrate judge.[2] Harris v. Murray, No. CA-92-823-3 (E.D. Va. Sept. 1, 1993). We also deny Appellant's Motion for Admissions/Expansion of Records. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 DISMISSED
 
 
 [1]
 The parties consented to magistrate judge jurisdiction pursuant to 28 U.S.C.A. Sec. 636(c) (West 1993)
 
 
 [2]
 In addition to those reasons for denying relief stated by the magistrate judge, we note that Appellant's claim of insufficient evidence is without merit. The evidence used to convict him was overwhelming, and clearly met the standard of Jackson v. Virginia, 443 U.S. 307 (1979). In light of the evidence, any error which may have occurred as the result of the prosecution's passing reference to another victim when explaining pre-trial line-up procedures was harmless beyond a reasonable doubt. Fed.R.Crim.P. 52(a)